THE STATE OF OHIO, APPELLEE, *v.* HUNT, APPELLANT.

160

Appeal: Court of Appeals for Franklin County.

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Miles C. Durfey,* for appellee.

*Mr. Roy F. Martin, Mr. Richard H. Ferrell* and *Mr. Bernard Z. Yavitch,* for appellant.

Strausbaugh, J. This is an appeal by the defendant from a conviction in the Common Pleas Court of Franklin County on one count of armed robbery and one count of carrying concealed weapons. Also before us is defense counsel's application for permission to withdraw from appointment as counsel because of counsel's opinion that a good faith legal argument is not supported by the record.

Examination of the record indicates that at approximately 2:00 a. m., on October 10, 1972, the state's witness, Ralph Green, was on duty as a service station attendant at the Clark Service Station at the corner of West Park and Sullivant Avenue in the city of Columbus when a dark green station wagon driven by a man by the name of Lanny Molihan drove into the station with a male passenger, with long hair or a wig and a beard and wearing glasses, seated in the right front seat. Molihan requested $3 of gas from Green. After delivering the gas, Green went to the driver's side for payment, where he found himself looking into the barrel of an automatic gun. Molihan ordered Green to throw all his money into Molihan's lap, which Green did, estimating it to be between $50 and $52 and smelling of gasoline; whereupon the car then sped off in the direction of Broad Street.

Columbus Police Officer Paul Bryant testified that at approximately the same time he was on patrol duty in his police helicopter when he observed a subject kneeling down behind a 1972 dark green Chevrolet station wagon in the middle of the street. He testified that when he circled the area and put the light on, the subject jumped back into the vehicle and left the scene going north on Yale Avenue. He stated that they radioed Officer James Summers in cruiser

No. 81 and asked him to stop the vehicle and check it out. Officer Bryant testified that at no time was the green station wagon out of his sight, that he saw cruiser No. 81 turn on his red light and pursue the station wagon, which failed to stop. The station wagon proceeded west on Broad Street, south on Lechner, east on Doren and north on Fairmont where Officers Ronald Eblin and Stanley Lisska, in another cruiser, blocked the station wagon. Officer Bryant testified that he landed in a parking lot at Glenwood Recreation and observed the two individuals in the vehicle. He identified Walter Hunt, the defendant, as one of the individuals. Officer James Summers testified that the defendant was sitting in the passenger side of the car when apprehended and that the defendant appeared to be placing something under the front seat. Officer Lisska found two guns under the seat on the passenger side of the automobile. Detective Rader testified that he found $52 in bills with a "strong odor of gasoline about the money" in Hunt's left front pant's pocket.

The two men were taken back to the Clark Service Station approximately one half hour after the robbery in a police cruiser, where Green identified Molihan as the man who had robbed him.

Defendant states as his first assignment of error:

"The state's evidence showed that the defendant was in the car but did not participate in the robbery and was not seen with a gun in his hand."

The state's case was built upon the remarkable effort of the Columbus Police Department, utilizing modern methods of criminal apprehension. The two occupants of the robbery vehicle were apprehended almost immediately after the robbery. There was ample evidence upon which the trier of the facts, the jury in this case, could find that the defendant did participate in the robbery even though not seen with a gun in his hand.

We would likewise overrule the following second assignment of error:

"The robbery victim could not identify the defendant as the passenger in the automobile."

There was ample evidence for the jury to find that the

defendant was the passenger in the automobile even though the robbery victim could not make positive identification. The general description given by the victim was closely similar to that of the defendant, whereas the defendant was apprehended in the robbery automobile very close in time to the time of the robbery. In addition there was a great mass of other incriminating evidence.

Defendant's third assignment of error is:

"The defendant was on drugs for a considerable time before the robbery and was not aware of what transpired during the robbery."

We would overrule this assignment for the same reason that we would also overrule defendant's fourth assignment of error, which is:

"The defendant was high on drugs when he was read his rights by the police and when he signed it. It could therefore have not been an intelligible waiver."

There was ample evidence before the court whereby the jury could find that the defendant was aware of his surroundings and what transpired during the robbery. Although there was some evidence that the defendant's eyes appeared drowsy, the two men were found with some pills and a small amount of what looked like marijuana. There was ample evidence to support the finding that the defendant made an intelligible waiver of his rights and understood the meaning of his rights when the waiver was signed, and that defendant was aware of what transpired during the robbery.

Defendant's fifth assignment of error is:

"There was testimony that the guns in question did not belong to the defendant nor were they under his control. There was testimony that the driver of the automobile threw the guns under the seat."

Here again there was sufficient testimony for the jury to make a finding that the guns in question were under the control of the defendant. Officer Lisska testified that the guns were found "right underneath the passenger * * * in the front seat." This assignment is overruled.

Defendant's sixth assignment of error is that:

"There was a juror who appeared to be constantly asleep during the proceedings."

This is not supported by the record, and is therefore overruled.

Defendant's seventh assignment of error is that:

"The defendant did not realize he was waiving a constitutional right when he waived preliminary hearing, due to his being high on drugs. Thus it was not an intelligible waiver."

There is nothing in the record to support this allegation except the empty unsupported charge presented for the first time in this appeal. This assignment is overruled for the same reasons given for the third and fourth assignments of error.

Defendant's eighth assignment of error is that:

"The police emptied the defendant's pockets when he was apprehended and then put things back in his pocket and re-searched him. On the second search the police pulled the money from the robbery out of defendant's pocket. Defendant contends he did not have the money in his pocket, nor does he know from whence it came."

Again, this allegation is unsupported in the record, except for the charge levelled by the defendant for the first time in this assignment which is hereby overruled. At the trial, the defendant testified that "they might have stuck it there. I don't know." The jury obviously chose not to believe this conjecture.

For the foregoing reasons, the judgment of the trial court is affirmed and the application of defense counsel to withdraw is sustained.

*Judgment affirmed.*

TROOP. P. J., and HOLMES, J., concur.